# In the United States Court of Federal Claims

No. 21-2242 L
(Filed: December 7, 2021)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *
                                    *
RANDALL CLARK,                      *
                                    *
                Plaintiff,          *
                                    *
      v.                            *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
* * * * * * * * * * * * * * * * * *
```

*Randall Clark, pro se*, of Nashville, TN.

*Borislav Kushnir,* Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

    *Pro se* Plaintiff, Randall Clark, filed suit in this Court alleging that the State of Tennessee, a county, and a city attempted to "illegally obtain" his property in La Vergne, Tennessee, while that property was "involved in litigation with multiple other people." ECF No. 1 at 1 ("Compl."). For lack of subject-matter jurisdiction, the Court dismisses Plaintiff's complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

## LEGAL STANDARD

    The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within

this Court's jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.* Stated differently, the plaintiff must state a claim that is based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216-217 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

## DISCUSSION

Plaintiff alleges that the State of Tennessee, as well as an unspecified county and city therein, "tried to illegally obtain property" in which he allegedly has an interest. *See* Compl. at 1. It is well established that this Court does not have jurisdiction over claims against states, their localities, or their entities. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claims'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court . . . ."); *Souders v. S. C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007) ("Takings by state governments, such as by a state agency, are governed by the Fourteenth Amendment, which incorporates the Fifth Amendment's takings clause under its due process clause. . . . But because such Fourteenth Amendment due process claims are against a state governmental entity and are not 'against the United States,' the Court of Federal Claims does not have jurisdiction over them.") (internal citations omitted).

The allegations in Plaintiff's complaint only allege claims against a state and subdivisions thereof, rather than the federal government. *See* Compl. at 1.[1] Thus, Plaintiff has not pled any claim against the United States in his complaint. However, "[t]he *only* proper defendant for any matter before this court is the United States." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original). Accordingly, pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims, the Court must dismiss Plaintiff's complaint for lack of jurisdiction.

---

[1] Plaintiff even makes his own annotations to the form complaint to write in "State of TN, County, City" inside the caption and underneath the form's necessarily named defendant, the United States of America. Compl. at 1. Thus, it is clear that the intended target of his allegations is a state and/or local entity, not the United States.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers  
ZACHARY N. SOMERS  
Judge